IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN MATTHEW DAVIS,

                Petitioner,

    v.

GREG VAN RYBROEK,

                Respondent.

OPINION AND ORDER

25-cv-290-wmc

---

Petitioner Stephen Matthew Davis is currently confined at the Mendota Mental Health Institute ("MMHI") in Madison, Wisconsin. Representing himself, Davis has filed a petition for a federal writ of habeas corpus, challenging the revocation of his conditional release. After reviewing the petition as required under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, the petition will be dismissed for the reasons explained below.

## OPINION

On June 7, 2024, petitioner was committed to the Wisconsin Department of Health Services after the court accepted his plea of not guilty by reason of mental disease or defect in in *State v. Davis*, Dodge County Case No. 2022CF340.[1] Petitioner was subsequently released on conditions of supervision, but claims that his release was revoked without due process on March 3, 2025. Shortly thereafter, he filed this action for a federal writ of habeas corpus.

---

[1] A court may take judicial notice of matters in the public record, including pleadings and orders in previous court cases. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

Because petitioner is in custody pursuant to a state court judgment, his petition is governed by 28 U.S.C. § 2254. A federal court may not grant habeas relief from a state court judgment of conviction unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion serves the interests of comity between federal and state sovereigns by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation. *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). Inherent in the exhaustion requirement is the habeas petitioner's duty to present his federal claims to the state courts "fully and fairly." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted). To "fairly" present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To "fully" present a claim, the petitioner must complete one round of state court review of a fairly presented claim, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (citing *O'Sullivan*, 526 U.S. at 845-48).

Petitioner did not exhaust state court remedies as required because, although he filed a motion for post-conviction for relief and an appeal from the revocation of his conditional release on March 12, 2025, both were still pending and had not been decided when he submitted his federal habeas corpus petition in this case. (Dkt. #1, at 2.) Moreover, there is no record showing that petitioner pursued his claims beyond the intermediate appellate stage.

Lack of exhaustion is not petitioner's only problem. Available state court records reflect that the order revoking his conditional release on March 3, 2025, was vacated by the state circuit court on May 21, 2025, which raises a question about jurisdiction. A federal court

cannot entertain an action unless it presents a "case or controversy" under Article III, § 2 of the Constitution. To satisfy this requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citation omitted). A federal court at "any stage of the proceeding" must dismiss a case when it can no longer "give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). Because the challenged revocation order was vacated by the state circuit court, petitioner's claims have been rendered moot. Accordingly, this action must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Stephen Matthew Davis (dkt. #1) is DISMISSED without prejudice.

2. A certificate of appealability is DENIED.

3. The clerk of court shall enter judgment and close this case.

Entered on this 11th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge